IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY L. JEFFERSON, #337014,       )
                                      )
        Movant,                       )
                                      )
v.                                    )       NO. 3:23-cv-00667
                                      )
CORE CIVIC, et al.,                   )       JUDGE RICHARDSON
                                      )
        Respondents.                  )

## MEMORANDUM AND ORDER

Timothy Jefferson, a state inmate proceeding pro se, has filed a Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. No. 1), the allegations of which are declared under penalty of perjury. (*Id.* at 2–6.) He has also filed a supporting memorandum of law (Doc. No. 2 at 1–4) and a proposed order. (*Id.* at 5–6.) With these filings, Mr. Jefferson seeks emergency injunctive relief from the allegedly dangerous, unsanitary, and inhumane conditions of his confinement at the Trousdale Turner Correctional Complex in Hartsville, Tennessee. He has submitted copies of the "Incident Statement" (Doc. No. 1 at 7) and formal grievance (Doc. No. 3) that he purports to have filed in prison, and states that he is "in the process of fulfilling the exhaustion requirement." (Doc. No. 1 at 3; Doc. No. 2 at 2.) He has not paid the civil filing fee nor filed an application for leave to proceed in forma pauperis (IFP).

Under Rule 65.01 of the Local Rules of Court, "[a]ny request for a Temporary Restraining Order (TRO) must be made by written motion separate from the complaint commencing the case." M.D. Tenn. L.R. 65.01(a). Implicit in this requirement is the acknowledgment that a TRO motion is not a pleading that can commence a case. Federal Rule of Civil Procedure 3 states that "[a] civil

action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "This is true even where a plaintiff seeks equitable relief such as through a motion for a preliminary injunction or TRO." *Goldwire v. Mohr*, No. 2:17-CV-64, 2017 WL 4777003, at *2 (S.D. Ohio Oct. 23, 2017) (citing *Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) ("Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief.")).

Mr. Jefferson has not filed a complaint in accordance with Rule 3. Therefore, he has not succeeded in commencing a civil action, and the Court is without jurisdiction to consider his Motion. *See Lowenthal v. Massachusetts*, No. CIV.A. 14-13631-GAO, 2014 WL 5285615, at *2 (D. Mass. Oct. 14, 2014) (quoting *Greene v. Phila. Hous. Auth.*, No. 11–MC–60, 2011 WL 1833011 (E.D.Pa. May 11, 2011) ("In the absence of a complaint . . . setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant either a temporary restraining order or a preliminary injunction."); *accord Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief."); *P. K. Family Restaurant v. Internal Revenue Serv.*, 535 F. Supp. 1223, 1224 (N.D. Ohio 1982) (same). Although he is proceeding pro se, Mr. Jefferson "can be expected to be familiar with the easily understood requirement of having to file a complaint to commence an action." *Gardner v. McQueen*, No. 2:16-CV-13790, 2017 WL 131553, at *2 (E.D. Mich. Jan. 13, 2017); *see also Hammoud v. Williams*, No. 4:20CV1668, 2020 WL 7046815, at *2 (N.D. Ohio Nov. 30, 2020) ("Plaintiff has filed a motion seeking an 'Emergency Restraining Order/Preliminary Injunction,' not a complaint. The benefit of liberal construction afforded pro se litigants does not excuse pro se parties from complying with . . . Federal Rule[] of Civil Procedure [3]."). Accordingly, his Motion (Doc. No. 1) is **DENIED WITHOUT PREJUDICE**.

The Court will give Mr. Jefferson an opportunity to cure the jurisdictional defect in his filing. However, he is advised that he cannot file a proper complaint until he has exhausted his administrative remedies with respect to the subject of the complaint. 42 U.S.C. § 1997e(a). He is further advised that any complaint he files must be accompanied by either the full $402 filing fee or an application for leave to proceed IFP, regardless of whether he also files a renewed motion for a TRO or preliminary injunction. Lastly, Mr. Jefferson is advised that all pleadings filed with the Court must be signed "by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).[1]

For Mr. Jefferson's benefit if he chooses to proceed in this matter, the Clerk is **DIRECTED** to provide him with forms for filing a complaint (Pro Se Form 14) and an IFP application (AO Form 240). If he wishes to proceed with this action, Mr. Jefferson must make the necessary filings within **30 DAYS** of the entry of this Order and must include on those filings the number assigned to this case, **3:23-cv-00667**. Mr. Jefferson is cautioned that failure to comply with this Order within the allotted time (or to request an extension of the deadline prior to its expiration), or failure to keep the Court apprised of his current address, will result in the dismissal of the case.

IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes the signature requirement because of the discrepancy between Mr. Jefferson's printed name on the Motion and supporting memorandum (Doc. No. 1 at 6; Doc. No. 2 at 4) and his signature on the grievance documents submitted in support thereof. (Doc. No. 1 at 7; Doc. No. 3 at 1, 2.)