# AFFIDAVIT OF JAMES MCKENZIE

I, JAMES MCKenzie, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746, that the contents of this Affidavit are true and correct, that:

1. I am over 18-years old, and of sound mind.

2. I entered Trousdale's segregation unit for Protective custody May 19, 2023, after being moved out of the general population, because, I was twice assaulted by a gang of inmates where I sustained an injury from being stabbed, resulting in transport to outside medical.

3. May 19, 2023, until at around May 31, 2023, I was housed in the same punitive segregation pod with Plaintiff where I was in Alpha-Alpha: 127, but I was moved to Alpha-Alpha: 205, with Plaintiff.

4. Since entering the segregation unit, and as Plaintiff's cell-mate, I am a witness that personally observed that Plaintiff was:

**RECEIVED**

JUL 1 2 2023

U.S. District Court
Middle District of TN

4. As plaintiff's cell-mate, on June 18, 2023, I was present in Alpha-Alpha: 205, and personally witnessed Chief of Security: Douglas, make oral statements to plaintiff alleged in paragraphs 13. and 14. of plaintiff's lawsuit Relative to no proper housing for Protective Custody, because, its so overcrowded throughout the State;

5. As plaintiff's cell-mate, I have Read the complaint and not only am I a witness with personal knowledge that observed plaintiff since entering the segregation unit, I have also personally endured every thing plaintiff has endured;

6. As a Result, initially plaintiff showed me that he was preparing to file a class-action for us both, but a Legal-Aide visited the segregation unit Friday, June 30, 2023, and informed plaintiff that we can't file a proper class-action without a lawyer, so I decided to be a witness since I am a witness that personally observed, and

endured everything Plaintiff was forced to endure, only less time as Plaintiff.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the contents of this Affidavit are true and correct.

_James McKenzie_
James McKenzie #00243014

Dated: __June 30, 2023__

4

| | | Index #: 501.01 | Page 1 of 11 |
|---|---|---|---|



ADMINISTRATIVE POLICIES
AND PROCEDURES
State of Tennessee
Department of Correction

Effective Date: May 1, 2018

Distribution: B

Supersedes: 501.01 (8/12/14)
PCN 15-14 (5/15/14)

Approved by:   Tony Parker

Subject:  INMATE GRIEVANCE PROCEDURES

I.  <u>AUTHORITY</u>: TCA 4-3-603, TCA 4-3-606, and TCA 41-24-110 and Title 28 CFR 115; and Prison Rape Elimination Act of 2003 standard 115.52(b)(1), (e)(1), and (3).

II.  <u>PURPOSE</u>: To establish a standard procedure for the expression and resolution of inmate complaints.

III.  <u>APPLICATION</u>: To Tennessee Rehabilitation Initiative in Correction (TRICOR) employees, employees and inmates of the Tennessee Department of Correction (TDOC), and privately managed facilities, except those offenders assigned to and actively participating in a Special Alternative Incarceration Unit (SAIU) program.

IV.  <u>DEFINITIONS</u>:

A.  <u>Advocate</u>: An inmate who is selected by a grievant from his/her peers or from those appointed by the Warden/Superintendent to assist in the filing and/or appeal of a grievance.

B.  <u>Calendar Days</u>: A time limit that begins to run at 12:01 a.m. on the day following the date of the triggering event. Example: if an inmate files a grievance and the alleged triggering event occurred on April 1st, the seven calendar day's time limit for filing grievances set by Section VI.(C)(1) below would begin to run at 12:01 a.m. April 2nd, and end at 11:59 p.m. on April 8th.

C.  <u>Central Office Review</u>: Review of Title VI allegations by the Central Office Title VI Coordinator.

D.  <u>Central Office Title VI Coordinator</u>: The TDOC employee appointed to adjudicate Title VI allegations and monitor compliance for the Department.

E.  <u>Contract Monitor of Compliance (CMC)</u>: TDOC employee(s) authorized by the Commissioner to monitor contract compliance at privately managed facilities.

F.  <u>Contract Monitor of Operations (CMO)</u>: TDOC employee(s) authorized by the Commissioner to serve as the approving authority for specific actions occurring at privately managed facilities. In the absence of the CMO, the contract monitor of compliance (CMC) assigned to that facility will serve that function. In the absence of both the CMO and CMC at privately managed facilities, the necessary notification/request for authorization will be made by telephone to the CA. If the CMO is not reachable via phone, the CMC will be contacted. If both the CMO and CMC are unavailable by telephone, the CA shall be contacted for required authorizations or notifications.

G.  <u>Emergency Grievance</u>: The resolution of a grievance that if subjected to the normal time limits could cause the grievant substantial risk of personal injury or irreparable harm.

H.  <u>Grievance</u>: A written complaint concerning the substance or application of a written or unwritten policy or practice, any single behavior or action toward an inmate by staff or other inmates, or any condition or incident within the Department or institution which personal affects the inmate complainant.

I.    Grievance Chairperson: The individual assigned by the Warden/Superintendent to supervise the inmate grievance process within the TDOC and privately managed facilities.

J.    Grievance Committee: A committee composed of a staff chairperson appointed by the Warden/Superintendent and members consisting of elected staff and inmates. This committee provides a forum in which an inmate may resolve a grievance at Level II of the inmate grievance process.

K.    Prison Rape Elimination Act (PREA): A federal law establishing a standard of zero tolerance for incidents related to sexual assault and rape on inmates and/or offenders.

L.    Reprisal: Any action or threat of action against anyone for the good faith use of or good faith participation in the grievance procedure.

M.    Title VI Site Coordinator: The Associate Warden of Treatment (AWT) and Deputy Superintendent (DS) at TDOC facilities and the Assistant Warden of Programs at privately managed facilities.

V.    POLICY: The TDOC shall ensure that every inmate has the right to utilize the grievance procedure without fear of reprisal. All grievances shall be considered in a fair and impartial manner and resolved at the lowest possible level in the grievance procedure.

VI.    PROCEDURES:

A.    A handbook entitled *TDOC Inmate Grievance Procedures* shall provide detailed instructions for the filing and processing of inmate grievances and appeals, and for the election, appointment, and removal of grievance committee members. Copies of the handbook and any current departmental and institutional policies concerning inmate grievances will be available to inmates in the institutional legal library. Access to copies of the handbook shall be provided to all grievance committee members and alternates. All living units for housing segregated inmates shall also be provided with a copy of the handbook and policies regarding inmate grievances.

B.    Access to the grievance procedure: Inmate Grievance, CR-1394, and locked grievance depositories shall be made available for use by all inmates. Inmates shall have unimpeded access to these grievance forms. For general population inmates, the grievance forms shall be openly available for pickup without the need for a request to staff. If required to ask staff for the form (i.e., an inmate in segregation), an inmate shall be given the form without question or discussion. All inmates will be informed of grievance procedures during orientation.

C.    Grievance Review Process: Except as otherwise provided in VI.(K) and (L), inmate grievances shall follow the following process:

      1.    First Level: Grievances must be filed utilizing CR-1394 within seven calendar days of the occurrence or the most recent occurrences giving rise to the grievance. The chairperson shall review all grievances received and logged them as received and enter them on Grievance screen (LIBG).

All copies of the form must be legible and intact. Grievance forms which are improperly completed or contain insufficient information for processing shall be returned to the inmate with instructions as to proper completion. It should not be logged as received (which starts the deadline times running) until the corrected version is submitted.

If more than one inmate files a grievance on the same incident, the hearing and responses may be consolidated. This shall be noted on the grievance response forms and on Grievance (LIBG) on the Description Detail Screen.

The chairperson's response shall be written on CR-1394 following the chairperson's receipt and review of the supervisor's response. The supervisor shall return his/her signed response to the chairperson within five working days of receipt. There will be a seven working-day time limit at Level I beginning on the day the grievance begins to be processed. If a grievant accepts the supervisor's response, the supervisor shall document on Response of Supervisor of Grieved Employee or Department, CR-3148. The grievance chairperson shall enter the approval on Grievance (LIBG).

2.   Second Level: Within five calendar days of being notified of the Level I response, the grievant may appeal the response to the grievance committee and Warden/Superintendent. A hearing shall be held within five working days of an appeal's filing. Within five working days of the hearing, the committee's proposed response shall be documented on the Inmate Grievance Response, CR-1393, and forwarded to the Warden. Within seven working days of receipt, the Warden/Superintendent shall forward his/her decision to the chairperson. Within five working days of receiving the Warden's response, the chairperson will allow the grievant to review the grievance materials and responses. If the grievant accepts the Level II response, the grievance chairperson shall enter the approval on Grievance (LIBG). The failure of staff to comply with a directive by the Warden/Superintendent as a result of the Warden/Superintendent's review of the grievance may result in disciplinary action. If the Warden agrees to the grievant's requested solution, the grievant shall not have the right to appeal to Level III.

Grievances concerning TRICOR, over which the Warden/Superintendent has no line authority, shall be forwarded from the committee to the Warden/Superintendent for any comments. The grievance then proceeds to Level III of the process. The Assistant Commissioner of Prisons/designee shall review and, if necessary, may forward the grievance for review/response to TRICOR's Chief Executive Officer.

3.   Third Level: A grievant may appeal the Level II response within five calendar days of receipt of that response. The chairperson shall forward one legible copy of the grievance and all documentation to the Assistant Commissioner of Prisons/designee. The Level III response shall be sent to the grievance chairperson for distribution within 25 working days of the date the appeal was received. The chairperson shall enter the final decision on Grievance (LIBG). This response is final and is not subject to appeal. Failure of staff at TDOC managed facilities to comply with a directive by the Deputy Commissioner of Operations or the Assistant Commissioner of Rehabilitative Services as a result of the Level III review may result in disciplinary action. (At privately managed facilities, the Assistant Commissioner of Prisons will make a determination as to the appropriate action to be initiated.) The CMO at privately managed institutions shall receive a copy of all directives issued by the Assistant Commissioner of Prisons or the Assistant Commissioner of Rehabilitative Services.

D.  If a time limit expires at any stage of the process without the required response, the grievant may move the grievance to the next stage of the process, unless the inmate agrees in writing to a fixed extension of the time limit for response.

E.  Committee election and hearing procedures shall be developed at each institution and shall be forwarded to the Assistant Commissioner of Prisons for review.

F.  Any subsequent revisions to said procedures shall also be forwarded to the Assistant Commissioner of Prisons for approval. The Warden/Superintendent/designee shall enter elected committee members' names on Board/Committee Members (LIBM).

G.  The good faith use of, or good faith participation in, the grievance process will not result in formal or informal reprisals against an inmate. An inmate shall be entitled to pursue, through the grievance procedure, a complaint that a reprisal occurred as the result of the filing of a prior grievance.

H.  <u>Matters Inappropriate to the Grievance Procedure</u>: If the chairperson determines a matter to be non-grievable, the grievant may appeal that decision as outlined in the handbook *TDOC Inmate Grievance Procedures*. Inappropriate grievance notification, CR-3689, shall be used to inform the inmate of an inappropriate grievance. The grievance process is inappropriate for:

1.  Appealing or seeking review of procedures or punishment imposed under established disciplinary procedures of the TDOC. These issues may be appealed pursuant to Policy #502.01. When this determination is made, the chairperson shall cite the incident number associated with the disciplinary report.

2.  Appealing decisions or actions of the Board of Parole or any other agency, other than TRICOR, outside the TDOC.

3.  Addressing classification matters such as institutional placement and custody level, which may be appealed through other avenues outlined in the #400 policy series, except where policy violations are alleged. Cell assignments not due to a classification or reclassification are grievable.

4.  Appealing or seeking review of any decision regarding the awarding of sentence credits. Sentence credit procedures shall be as provided in Policy #505.01.

5.  Seeking monetary compensation for injuries or property loss. Monetary claims against the TDOC or its employees based upon negligent care of persons or personal property should be filed with the Tennessee Claims Commission pursuant to TCA 9-8-101 et seq. Monetary claims by inmates against employees of privately managed facilities shall be filed with the managing company in accordance with TDOC approved contract vendor policy.

6.  Addressing questions regarding sentence structures. Such problems should be addressed to the counselor, institutional records office and Sentence Information Services (SIS) through established inmate inquiry procedures.

7.  Any visitor's behavior resulting in disciplinary action is not grievable by an inmate.

8.  Diagnoses by medical professionals, medical co-payments where Policy #113.15 has been adhered to, and requirements of substance use therapeutic programs.

        9.    Mail rejection, which may be appealed as described in Policy #507.02.

I.    Abuse of the Grievance Procedure

    1.    Inmates shall not be permitted to submit more than one grievance arising out of the same or similar incident.

    2.    Inmates shall not be permitted to have more than one grievance pending at the first level of review.

    3.    Profanity, insults, and racial slurs, unless an alleged direct quote of another party, shall not be permitted in grievances. Threats may result in disciplinary action.

J.    Emergency Grievances

    1.    Grievances deemed to be emergencies shall be expedited. The grievance chairperson or designee shall immediately bring emergency grievances to the attention of the appropriate person by whom corrective action may be taken. The action taken on any emergency grievance may be appealed through expedited emergency grievance procedures, as outlined in the handbook.

    2.    The determination that a grievance is not an emergency may be appealed through normal grievance procedures.

K.    Additional Procedures Applicable to Title VI Grievances:

    1.    All Title VI complaints must be filed within 180 days of the occurrence of an alleged discriminatory act (See Policy #103.10).

    2.    The grievance person shall review all grievances received and enter those listed as Title VI on Grievance screen (LIBG) with a flag indicating Title VI if the grievant alleges discrimination on the basis of race, color, or national origin. The chairperson shall then forward the grievance to the Title VI Site Coordinator for review and investigation; all findings from an investigation related to a Title VI grievance shall be documented on the Title VI Complaint Investigation, CR-3886. The investigation should begin within 24 hours and completed with five working days.

    3.    Upon completion of the investigation, the Title VI Site Coordinator shall notify the Grievance Chairperson of the results of his/her findings within 24 hours.

    4.    The Grievance Chairperson shall then forward the complaint to the Central Office Title VI Coordinator, electronically, within ten working days of their decision.

    5.    The Central Office Title VI Coordinator shall enter all Title VI complaints into a database and assign each complaint a tracking number. Only one Title VI allegation received from a complainant will be processed at a time.

    6.    The Central Office title VI Coordinator shall review and make a determination based on the findings of the investigation conducted by the Title VI Site Coordinator and shall notify the Title VI Site Coordinator of a response and/or decision within 25 working days.

7.  If the Central Office Title VI Coordinator determines that the allegation is not a Title VI violation, the Title VI Site Coordinator shall be notified to make the appropriate notations on OMS screen LIBG. This shall be done within one working day of receipt of such notification by the Grievance Chairperson.

8.  If the Central Office Title VI Coordinator determines that the allegation is a Title VI violation, the Title VI Site Coordinator shall be notified to seek a remedy to redress the violation immediately. Once a remedy is identified, the Title VI Site Coordinator shall notify the Central Office Title VI Coordinator who shall concur or not concur. The remedy and/or plan of action shall be entered on OMS screen LIBG.

9.  Appeals may be appealed to the Assistant Commissioner of Prisons. All appeals must be submitted within five working days upon notification; the inmate shall specify the reason for the appeal. The grievance number must be included on all documentation submitted to Central Office for review of an appeal.

10. The decision of the Assistant Commissioner of Prisons shall be final.

L.  Additional Procedures Applicable to PREA Grievances:

1.  An inmate may submit a grievance alleging sexual abuse at any time. Applicable time limits shall apply to any portion of a grievance that does not allege an incident of sexual abuse. Inmates shall not be required to use any informal grievance process, or to otherwise attempt to resolve with staff, an alleged incident of sexual abuse.

2.  An inmate who alleges sexual abuse may submit a grievance without submitting it to a staff member who is the subject of the compliant and such grievance shall not be referred to a staff member who is the subject of the complaint.

3.  A final decision on the merits of any portion of a grievance alleging sexual abuse shall be issued by the Associate Warden of Treatment (AWT) and Deputy Superintendent (DS) within 90 days of the initial filing of the grievance. Computation of the 90-day time period shall not include time used by inmates in preparing the grievance. TDOC may claim an extension of time to respond, up to 70 days, if the normal time period for response is insufficient to make an appropriate decision. The inmate shall be notified in writing by the AWT/DS of any such extension and be provided a date by which a decision will be made. At any level of the grievance, including final level, if the inmate does not receive a response within the time allotted to reply, including any properly noticed extension, the inmate may consider the absence of a response to be a denial at that level. (See subsection (5) below regarding emergency PREA grievances).

4.  Third parties (including fellow inmates, staff members, family members, attorneys, and outside advocates) shall be permitted to assist inmates in filing grievances related to allegations of sexual abuse, and shall also be permitted to file such grievances on behalf of inmates. If a third party files such a grievance on behalf of an inmate, that inmate shall agree to have the grievance filed on their behalf and document such on the Inmate Grievance, CR-1394. The inmate shall be required to personally pursue any subsequent steps in the grievance process. If the inmate declines to have the grievance processed on his/her behalf, the inmate's decision shall be documented on the original Inmate Grievance, CR-1394, and signed by the inmate.

5.   After receiving an emergency grievance alleging that an inmate is subject to a substantial risk of imminent sexual abuse, the grievance chairperson shall immediately forward the grievance (or any portion thereof that alleges the substantial risk of imminent sexual abuse) to the AWT/DS so that any required immediate corrective action may be taken. The grievance chairperson shall provide an initial response within 48 hours and shall issue a final decision with five calendar days. The initial response and final decision provided within the PREA Allegation System (PAS) shall document the facility's determination as to whether the inmate is in substantial risk of imminent sexual abuse and the action taken in response to the emergency grievance.  Timeframes in (3) above still apply after any immediate corrective action has been implemented.

6.   An inmate may be disciplined for filing a grievance related to alleged sexual abuse only when it is demonstrated that the inmate filed the grievance in bad faith."

M.   Records

1.   Records concerning inmate grievances shall be kept confidential. Only the chairperson shall process grievances after they have been answered by the Warden/Superintendent. Grievance (LIBG) should be available only to employees who have a need for access because of their assigned duties.

2.   Records shall be kept regarding inmate grievances as detailed in the handbook, *TDOC Inmate Grievance Procedures.*

3.   Upon resolution, grievances shall be distributed as indicated on Inmate Grievance Response, CR-1393, and entered on Grievance (LIBG). An extra copy of health-related grievances shall be supplied to the institutional health administrator by the chairperson.

N.   Each institution will submit an annual evaluation of the grievance procedures as outlined in the handbook, *TDOC Inmate Grievance Procedures.* Staff preparing these reports may review actual grievances.

O.   Documentary Evidence: Any TDOC policy referred to in any description of problem or response shall be cited by number, paragraph and section. Copies of any institutional policies, post orders, or documents referred to, will accompany all grievances to the third level. The grievant shall be furnished with a copy of all documentation unless deemed inappropriate by the chairperson for security reasons.

VII.   ACA STANDARDS:   4-4016, 4-4180, 4-4284, 4-4344, 4-ACRS-6A-10, 4-ACRS-6A-11, 4-ACRS-6A-12, 4-ACRS-6A-13, 4-ACRS-6B-01,4-ACRS-6B-02, 4-ACRS-6B-03, 4-APPFS-2G-01, and 4-APPFS-2G-02.

VIII.   EXPIRATION DATE:  May 1, 2021.



# TENNESSEE DEPARTMENT OF CORRECTION
## INMATE GRIEVANCE

_____     _____     _____
NAME                                    NUMBER                    INSTITUTION & UNIT

DESCRIPTION OF PROBLEM: _____

_____

_____

REQUESTED SOLUTION: _____

_____

_____

_____

_____        _____
Signature of Grievant                                           Date

---

*TO BE COMPLETED BY GRIEVANCE CLERK*

_____     _____     _____
Grievance Number                      Date Received             Signature Of Grievance Clerk

INMATE GRIEVANCE COMMITTEE'S RESPONSE DUE DATE: _____

AUTHORIZED EXTENSION: _____     _____
                                    New Due Date                       Signature of Grievant

---

**INMATE GRIEVANCE RESPONSE**

Summary of Supervisor's Response/Evidence: _____

_____

_____

Chairperson's Response and Reason(s): _____

_____

_____

DATE: _____     CHAIRPERSON: _____

Do you wish to appeal this response?  _____ YES  _____ NO

If yes:   Sign, date, and return to chairman for processing within five (5) days of receipt of first-level response.

_____     _____     _____
GRIEVANT                                   DATE                          WITNESS

Distribution Upon Final Resolution:
       White - Inmate Grievant    Canary – Warden    Pink – Grievance Committee    Goldenrod – Commissioner (if applicable)



**TENNESSEE DEPARTMENT OF CORRECTION**

**INMATE GRIEVANCE**    (continuation sheet)

DESCRIPTION OF PROBLEM: _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____



**TENNESSEE DEPARTMENT OF CORRECTION**

**RESPONSE OF SUPERVISOR OF GRIEVED EMPLOYEE OR DEPARTMENT**

DATE:_____

Please respond to the attached grievance, indicating any action taken.

Date Due: _____

_____
Grievance Number

_____
Inmate Name

_____
Inmate Number

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
SIGNATURE

_____
DATE

White - Inmate Grievant   Canary – Warden   Pink – Grievance Committee   Goldenrod – Commissioner

CR-3148 (Rev. 3-00)

RDA 2244



**TENNESSEE DEPARTMENT OF CORRECTION**

**INMATE GRIEVANCE RESPONSE**

| NAME | NUMBER | INSTITUTION & UNIT | GRIEVANCE NUMBER |
|------|--------|--------------------|------------------|

Summary of Evidence and Testimony Presented to Committee _____

_____

_____

Inmate Grievance Committee's Response and Reasons _____

_____

_____

_____

| DATE | CHAIRMAN | MEMBER |
|------|----------|--------|

| MEMBER | MEMBER | MEMBER |
|--------|--------|--------|

Warden's Response:  Agrees with Proposed Response  ☐

Disagrees with Proposed Response  ☐

If Disagrees, Reason(s) for Disagreement _____

_____

_____

Action Taken: _____

DATE: _____  WARDEN'S SIGNATURE: _____

Do you wish to appeal this response?  _____ YES  _____ NO

If yes:  Sign, date, and return to chairman for processing.  Grievant may attach supplemental clarification of issues or rebuttal/reaction to previous responses if so desired.

| GRIEVANT | DATE | WITNESS |
|----------|------|---------|

Commissioner's Response and Reason(s): _____

_____

_____

_____

| DATE | SIGNATURE |
|------|-----------|

Distribution Upon Final Resolution:

White - Inmate Grievant    Canary – Warden    Pink – Grievance Committee    Goldenrod - Commissioner

CR-1393 (Rev. 3-00)    RDA 2244



**TENNESSEE DEPARTMENT OF CORRECTION**

**Title VI Complaint Investigation Form**

Date Complaint Received: _____

Complainant's Name (and TDOC number, if applicable), Facility and/or Address:

_____

_____

_____

_____

Facility/Site Involved in Complaint: _____

Nature of Complaint: _____

_____

_____

_____

_____

_____

Date of Interview with Complainant: _____

Interview via:   ☐ Telephone   ☐ In-Person   ☐ Other (specify) _____

Summary of Interview with Complainant: _____

_____

_____

_____

_____

_____

_____

Other Interviews Conducted:

Date: _____

CR-3886          Duplicate as Needed          RDA 1376

 **TENNESSEE DEPARTMENT OF CORRECTION**

**Title VI Complaint Investigation Form**

Interviewee's Address and Telephone Number: _____

_____

_____

_____

_____

Interviewer's Name and Position: _____

Interview via:  ☐ Telephone   ☐ In-Person   ☐ Other (specify) _____

Summary of Interview:

_____

_____

_____

_____

_____

_____

_____

_____

Resolution/Action Taken (include dates, names, etc.): _____

_____

_____

_____

_____

_____

_____

Please attach copies of the complaint, statements of involved parties and witnesses, and response to complainant, etc.

*Note: If the offender is no longer at the institution that the Title VI complaint originated, please contact the Title VI Site Coordinator to schedule an interview by phone at his/her current location. If the offender is no longer on community supervision, please contact the Title VI Site Coordinator to schedule an interview by phone. Indicate the Title VI Site Coordinator's name on the document.*

***Attach Additional Sheets if Necessary***



TENNESSEE DEPARTMENT OF CORRECTION

**INAPPROPRIATE GRIEVANCE NOTIFICATION**

TO: _____    _____    _____
               INMATE NAME (Printed)               TDOC NUMBER            HOUSING UNIT

FROM: _____ ,    Grievance Chairperson
                                                  _____
                                                  Inmate TDOC Grievance Number

DATE: _____

SUBJECT: _____

---

**THIS GRIEVANCE IS INAPPROPRIATE TO THE GRIEVANCE PROCEDURE**. Your Grievance is being returned to you due to the following reason(s):

1. Disciplinary matters are inappropriate to the Grievance Procedure. [Policy #501.01 VI.(H)(1)]
2. Appealing decisions or actions of any agency outside the Tennessee Department of Correction (TDOC) is inappropriate to Grievance Procedure. [Policy #501.01 VI.(H)(2)]
3. Classification matters/institutional placement are inappropriate to Grievance Procedure. [Policy #501.01 VI.(H)(3)]
4. Appealing or seeking review of sentence credits. [Policy #501.01 VI.(H)(4)]
5. Grievance Procedure cannot award monetary compensation for injuries or property loss. [Policy #501.01 VI.(H)(5)]
6. Addressing questions regarding sentence structures. [Policy #501.01 VI.(H)(6)]
7. Visitor's behavior which results in disciplinary action. [Policy #501.01 VI.(H)(7)]
8. A diagnosis by medical professionals and medical co-pay is inappropriate. [Policy #501.01 VI.(H)(8)]
9. Security Threat Group (STG) Placement. [Policy #501.01 VI.(H)(9)]
10. Mail rejection. [Policy #501.01 VI.(H)(10)]
11. You have already filed a grievance on this issue. Inmates shall not be permitted to submit more than one grievance arising out of the same or similar incident. [Policy #501.01 VI.(I)(1)]
12. Abuse of Grievance Procedure. You can only have one grievance pending at Level 1 for review. [Policy #501.01 VI.(I)(2)]
13. Profanity, insults, and racial slurs, unless an alleged direct quote of another party, shall not be permitted. Threats may result in disciplinary action. [Policy #501.01 VI.(I)(3)]
14. Grievances must be filed within seven calendar days of the occurrence giving rise to the grievance. A complaint shall not address multiple issues. [Policy #501.01 VI.(C)(1)]

---

**THIS GRIEVANCE IS UNABLE TO BE PROCESSED DUE TO YOU NOT FOLLOWING POLICY**. Grievance forms not properly completed or contain insufficient information for processing shall be returned to the Inmate with instructions as to proper completion. [Policy #501.01 VI.(C)(1)] Your grievance is being returned to you due to the following reason(s):

1. No specific details, i.e. dates, times, names of persons involved as mandated in *Inmate Grievance Handbook*, Page 7, First Level of Review.
2. You did not: a) Sign and date, and/or b) state your "Requested Solution"
3. Grievance shall be submitted on Form CR-1394 pages 1 and 2. All copies must be legible and in tact. [Policy #501.01 VI.(C)(1)]
4. _____
   _____
   _____
   _____

---

*Reminder:*    *You have **SEVEN CALENDAR DAYS** <u>FROM THE DATE THE INCIDENT OCCURRED</u> to submit a grievance. If you are still interested in filing this grievance, please make the necessary corrections and return to the Grievance Office for further processing immediately. If you would like to appeal this response, sign the bottom of your grievance, check "yes" then date it and place (with this coversheet) back in the grievance box.*

_____
                            Grievance Chairperson

Timothy L. Jefferson # 337014
TTCC
140 Macon Way
Hartsville, TN, 37074

US POSTAGE ~PITNEY BOWES
ZIP 37074 $ 002.70⁰
02 4W
0000363323 JUL 07 2023

RECEIVED

JUL 12 2023

U.S. District Court
Middle District of TN

THE DEPARTMENT OF CORRECTION
TTCC HAS NEITHER INSPECTED
NOR CENSORED AND IS NOT
RESPONSIBLE FOR THE CONTENTS

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
UNITED States Courthouse
801 Broadway

Nashville, TN, 37203-3816

[ PRIVILEGED - LEGAL MAIL ]