IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY L. JEFFERSON, #337014, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CORE CIVIC, ) <br> ) <br> Defendant. ) | <br><br><br><br>NO. 3:23-cv-00667<br><br>JUDGE RICHARDSON |

## MEMORANDUM OPINION AND ORDER

Timothy Jefferson, a state inmate proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 6, "the Complaint") and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 10) supported by an affidavit and proof of his inmate trust account history (Doc. No. 8). Plaintiff has also mailed a letter request, addressed to the Clerk of Court, for reconsideration of his prior, unsuccessful motion for a temporary restraining order (TRO), which the Court construes as a Motion to Reconsider. (Doc. No. 9.)

The case is before the Court for ruling on Plaintiff's IFP application and Motion to Reconsider, and for an initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submissions (Doc. Nos. 8, 10) that he lacks sufficient financial resources to pay the full filing fee in advance, his application to

proceed IFP in this matter (Doc. No. 10) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## INITIAL REVIEW

**I. Legal Standard**

The Court must dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The review for whether the Complaint states a claim asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).

**II. Analysis of the Complaint**

A. Facts

For purposes of initial review, Plaintiff's verified Complaint (Doc. No. 6) establishes that he is housed at the Trousdale Turner Correctional Center (TTCC), a prison facility privately managed by CoreCivic, the sole Defendant to this action. Plaintiff has been in protective custody at TTCC since April 23, 2023, "because of a threat on Plaintiff's life that put him in danger." (*Id.* at 4–6.) Because TTCC is both understaffed and overcrowded (*id.* at 8), the same crowded unit is used to house inmates who are segregated from the general population for whatever reason— "including protective custody, punitive segregation, close security, and inmates under pending

investigation," along with "others [who] are refusing cell assignments in general population[] because of the constant threat of violence that reign[s] at [TTCC]." (*Id.* at 6.) In this segregation unit, "twenty-four (24) hours a day, seven (7) days a week, since April 23, 2023, inmates have been locked in cells with no out-of-cell time, and its (sic) so understaffed in the segregation unit that Plaintiff, for months ha[s] been held in housing under extremely crowded, oppressive, and inhumane protective custody conditions." (*Id.* at 2–3.) Plaintiff alleges that the TTCC Chief of Security admitted that the prison "has no proper housing for protective custody" because other prisons send inmates to TTCC, "the biggest state prison," due to overcrowded conditions statewide. (*Id.* at 7.) This official further admitted that, because of this overcrowding, the rules requiring protective-custody inmates to have separate housing, programs, and activity areas are currently "obsolete." (*Id.*)

Citing CoreCivic's failure properly to train correctional officers at TTCC, severe understaffing and staff absences, and multiple instances of violence against staff since April 23, 2023, Plaintiff alleges "a persist[ent] pattern of prison staff failing to keep Plaintiff provided with proper housing and services to which Plaintiff is constitutionally entitled on protective custody." (*Id.* at 9.) He also alleges that he has been denied sanitation supplies needed to keep his cell clean. (*Id.* at 8.) He further alleges that he has been required to go without a shower for 6- to 7-day periods because segregated inmates have to shower together due to understaffing, and he refuses to shower with others on religious grounds. (*Id.*) Finally, Plaintiff alleges that there are no electrical outlets in his cell. (*Id.*)

Plaintiff claims that CoreCivic's "de facto policy of failing to train its employees" to provide appropriate protective-custody housing and services, despite being aware (through various management-level personnel) of the problems detailed in the Complaint, "evidences a deliberate

indifference to Plaintiff's rights." (*Id.* at 10, 11 (internal quotation marks omitted).) Plaintiff seeks damages and other relief, including an order for his release from prison due to the lack of "proper housing for Plaintiff in protective custody" at TTCC or any other Tennessee prison. (*Id.* at 12–13.)

B. Discussion

To support a viable claim under § 1983, the Complaint must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.,* 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted). CoreCivic is a state actor for purposes of Section 1983 because it performs the traditional state function of operating a prison. *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The standards for assessing municipal liability are applied to claims against private corporations that operate prisons. *Ogbeiwi v. CoreCivic Am.*, No. 1:20-cv-01094-STA-cgc, 2021 WL 2144326, at *2 (W.D. Tenn. May 26, 2021) (citing *Thomas v. Coble*, 55 F. App'x 748, 748–49 (6th Cir. 2003)). Consistent with those standards, CoreCivic cannot be held liable under a theory of *respondeat superior* or vicarious liability, but only upon a showing that a corporate policy or custom "was the moving force behind the deprivation of the plaintiff's rights." *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)).

Liberally construing the Complaint in Plaintiff's favor, it claims that CoreCivic has a policy of failing to train TTCC's limited staff to maintain a proper protective-custody unit in spite of the understaffing/overcrowding issues at the prison. While "security concerns can justify limiting the rights of prisoners in protective custody," *Houseknecht v. Doe*, 653 F. Supp. 2d 547, 557 (E.D. Pa. 2009) (citing cases), the failure to provide such necessities as "reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care" to prisoners is a violation of the Eighth

Amendment right to be free from cruel and unusual punishment. *Perkins v. S.C.C.F. Core Civic*, No. 3:22-CV-00005, 2022 WL 482549, at *4 (M.D. Tenn. Feb. 15, 2022) (citing *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984)). In particular, this Court has held that a total denial of "<u>any</u> recreation time while in protective custody, outdoor or indoor," for several months may violate the Constitution. *Id.* at *5 (emphasis in original) (citing, *e.g.*, *Walker v. Mintzes*, 771 F.2d 920, 927–28 (6th Cir. 1985), and *McNabb v. Long*, No. 3:18-cv-0067, 2018 WL 2318342, at *4 (M.D. Tenn. May 22, 2018)).

Here, Plaintiff alleges just such a total deprivation of "out-of-cell time" for recreation since April 2023, due to the conditions resulting from CoreCivic's policy of housing all segregated inmates in the same pod ("Alpha-Alpha: 205") at TTCC despite their "different classifications," without training TTCC staff on the need to maintain the proper distinctions between inmates segregated for their protection versus inmates segregated for other reasons. (Doc. No. 6 at 7–9.) At this early stage, the Court finds that Plaintiff has stated a colorable Eighth Amendment claim against CoreCivic that will be allowed to proceed. However, Plaintiff's request for release from confinement is solely the province of habeas corpus and is not properly made under § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

## **CONCLUSION**

As explained above, the Court finds that the Complaint states a nonfrivolous claim against CoreCivic. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank summons and USM 285 form) for this Defendant. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **21 DAYS** of the date of this Order. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude a Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

The Court at this time declines to reconsider Plaintiff's request for a TRO. In addition to other procedural requirements, a TRO motion must include the movant's certification in writing of "any efforts made to give notice [to the adverse party of the need for emergency relief] and why [notice] should not be required." Fed. R. Civ. P. 65(b)(1)(B); *see also* M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties). None of Plaintiff's filings attempt to explain why injunctive relief should be granted without notice to CoreCivic, rather than after process is served and the litigation of the issues discussed in this Order is joined. Accordingly, Plaintiff's Motion to Reconsider (Doc. No. 9) is **DENIED**. This denial is without prejudice to Plaintiff's right to pursue injunctive relief in the future.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE